UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE L. CRAWFORD and

YAHYA MUQUIT,

        Plaintiffs,

      v.

CHIEF JUDGE LINARES,

        Defendant.

No. 18-cv-13459 (NLH) (KMW)

**OPINION**

APPEARANCES:

Lawrence L. Crawford
300839
Lee Correctional Institution
990 Wisacky Highway
P.O. Box 1000
Bishopville, SC 29010

      Plaintiff <u>Pro</u> <u>se</u>

Yahya Muquit
318455
Leiber Correctional Institution
P.O. Box 205
Ridgeville, SC 29472

      Plaintiff <u>Pro</u> <u>se</u>

<u>HILLMAN, District Judge</u>

    Plaintiffs Lawrence L. Crawford and Yahya Muquit, inmates incarcerated in South Carolina, filed a request asking former Chief Judge Jose Linares to form a multidistrict panel for consideration of a plethora of civil and criminal cases.  ECF No. 1.  Plaintiff Crawford also alleges Chief Judge Linares

improperly closed a prior habeas corpus proceeding.  ECF No. 1-8 at 10.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim.  28 U.S.C. § 1915(e)(2)(b)(ii).

I.   BACKGROUND

Plaintiffs have filed approximately 20 "affidavits of facts" covering hundreds of pages since the inception of this matter asking this Court to form a multidistrict panel "for the purpose of disqualifying the SC District Court and transfer venue to New Jersey." ECF No. 1-8 at 3.  They ask to consolidate this matter with, at a minimum, Plaintiff Crawford's prior habeas corpus proceeding, Crawford v. Warden Williams, No. 18-10129 (D.N.J. administratively terminated July 19, 2018), and Plaintiff Muquit's civil rights action from the District of South Carolina, Muquit v. Hood, et al., No. 8:17-1804 (D.S.C. dismissed Aug. 28, 2018).  ECF No. 1-8 at 12.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. <u>DISCUSSION</u>

A.   <u>Claims Against Chief Judge Linares</u>

"When a judge or judicial nominee is named as a defendant
and his credibility or personal or financial interests are at
issue, all judges of the same district should recuse, unless the
litigation is patently frivolous or judicial immunity is clearly
applicable."  Judicial Conference of the United States,
Committee on Code of Conduct for United States Judges,
Compendium of Selected Opinions § 3.6-6[1](b) (2017).  <u>See also</u>
28 U.S.C. § 455.

Because Plaintiffs named former Chief Judge Linares of this
Court as the defendant in their complaint, this matter was
reallocated from the Newark Vicinage to the Camden Vicinage
pursuant to this Court's January 13, 1994 Standing Order which
requires that, in all cases where a judge of this Court is named
as a party, the matter shall be assigned to a judge sitting in a
different vicinage of this Court than the one in which the named
judge sits.  Pursuant to § 3.6-6 and the standing order, this
Court need not recuse if the assigned judge determines the
matter to be patently frivolous or if judicial immunity is
plainly applicable, but the Court must request designation of a
judge from outside of this District pursuant to 28 U.S.C. §
292(b) in the event the matter is neither frivolous nor subject
to judicial immunity.  This is a specific application of the

4

broader ethical requirement that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).[1]

The Court finds that Plaintiffs' claims against Chief Judge Linares are without merit.  In 1996, Congress amended § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; see also Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006).  This provision of § 1983 applies to both state and federal judges.  Azubuko, 443 F.3d at 304 (citing Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)).

Plaintiffs allege Chief Judge Linares:

"administratively closed [Civil Action No. 18-10129].
The filing in forma pauperis documents were sent in
within the time required.  The and the N.J. District
Court spoliated that sent in informa [sic] pauperis
documents and claimed Crawford sought to reinstate the
case without sending those required documents in acts
of mail tampering stripping him of immunity."

---

[1] The undersigned also acknowledges that recusal would be mandatory where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  The undersigned has no such personal knowledge or bias, is unfamiliar with Plaintiff's prior cases beyond the public docket and has not discussed this case with any of the defendants.

ECF No. 1-8 at 9-10.  For their relief, "[Plaintiffs] motion to vacate all orders in Case 2:18-cv-10129-JLL and we motion it be consolidated with case 8:17-cv-0104-RBH-JDA."  Id. at 10.

These allegations relate solely to actions taken in Chief Judge Linares' capacity as a judicial officer.  Plaintiffs have not shown that those actions violated a declaratory decree or that declaratory relief is unavailable; therefore, their claim for injunctive relief against Chief Judge Linares is barred.[2]

Because Plaintiffs' claims against Chief Judge Linares are barred, Compendium § 3.6-6 and the Standing Order of January 13, 1994 do not require recusal.

B.   Request for a Multidistrict Panel

Plaintiffs' primary request is for "a panel review for the purpose of seeking to transfer these cases to New Jersey pursuant to 28 U.S.C. §§ 1404, 1407, 1612-1612 [sic] et seq. in the interest of justice."  ECF No. 1-8 at 17.  From what the Court can discern, Plaintiffs were convicted in New Jersey and South Carolina of murder and allege a vast, multi-district conspiracy of judges "to thwart fair and proper review by listing the defendants in the case incorrectly."  Id. at 18.

Moreover, Plaintiffs further allege:

---

[2] The Court notes that the docket of Civil Action No. 18-10129 does not indicate that any in forma pauperis application was received by the Clerk.  Any motion for relief from an order in that matter must be filed in Civil Action No. 18-10129.

> "[The alleged conspiring judges'] additional intent
> was to prevent evidence of collateral estoppel from
> being established in the court record emerging from
> the Crawford state case 2013-cp-400-0084 to which the
> United States and United Nations are party to the
> default establishing Crawford as Heir, King, Khalifah
> to the 4 Global Thrones of Religious Prophecy."

Id. at 18-19.

This Court lacks the authority to empanel a multidistrict panel for review of civil cases. The United States Judicial Panel on Multidistrict Litigation ("the MDL Panel") has the statutory authority to "(1) determine whether civil actions pending in different federal districts involve one or more common questions of fact such that the actions should be transferred to one federal district for coordinated or consolidated pretrial proceedings; and (2) select the judge or judges and court assigned to conduct such proceedings." Overview of Panel, available at https://www.jpml.uscourts.gov/overview-panel-0 (last visited Apr. 16, 2020) (citing 28 U.S.C. § 1407). Only the MDL panel can decide whether to create a multidistrict litigation.

Even if the Court could form such a panel, it would not. Plaintiffs' voluminous "affidavits of facts" indicate they have filed motions to intervene in several pending high-profile cases, including but not limited to State of Texas, et al., v. United States of America, et al., No. 19-10011 (5th Cir. Nov. 10, 2019) (challenge to the Patient Protection and Affordable

7

Care Act), ECF No. 42; and Students for Fair Admissions, Inc. v. Harvard University, No. 14-cv-14176 (D. Ma. Sept. 29, 2018) (challenge to Harvard's admission policies), ECF No. 8 at 58.

Plaintiffs are known vexatious litigants in the District of South Carolina.  See Duren v. Hood, No. 2:17-CV-1127-JMC-MGB, 2018 WL 3687977, at *1 n.1 (D.S.C. July 2, 2018), report and recommendation adopted, No. 2:17-CV-01127-JMC, 2018 WL 3660094 (D.S.C. Aug. 2, 2018) (noting that "[v]arious prisoners (including Anthony Cook, Lawrence Crawford, Yahya Muquit, David Duren, Vincent Beaton, Travis Bellamy, and Robert Mitchell) have repeatedly and improperly attempted to litigate on each other's behalf, often filing the same complaints and attachments" and citing cases).  It is clear from the record that this complaint follows their modus operandi and has "no coherent issues or plausible claims" and "consists largely of nonsensical ranting and erroneous procedural arguments that build upon faulty premise after faulty premise."  Id. at *6.

As the Court cannot grant Plaintiffs the relief they seek, the complaint will be dismissed with prejudice.  Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Because the complaint is frivolous as well, leave to amend is denied.

CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim.[3]  An appropriate order follows.


Dated: _April 29, 2020_____          ___s/ Noel L. Hillman_____
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[3] This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).