UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE L. CRAWFORD and                    No. 18-cv-13459 (NLH) (KMW)

YAHYA MUQUIT,

       Plaintiffs,                          OPINION

    v.

CHIEF JUDGE LINARES,

       Defendant.

APPEARANCES:

Lawrence L. Crawford
300839
Lee Correctional Institution
990 Wisacky Highway
P.O. Box 1000
Bishopville, SC 29010

    Plaintiff <u>Pro</u> <u>se</u>

Yahya Muquit
318455
Leiber Correctional Institution
P.O. Box 205
Ridgeville, Sc 29472

    Plaintiff <u>Pro</u> <u>se</u>

<u>HILLMAN, District Judge</u>

    Plaintiffs Lawrence L. Crawford and Yahya Muquit seek reconsideration of the Court's order dismissing their complaint. ECF No. 51.  For the reasons that follow, the Court will deny the motion.

1

I.   <u>BACKGROUND</u>

Plaintiffs have filed approximately 20 "affidavits of facts" covering hundreds of pages since the inception of this matter asking this Court to form a multidistrict panel "for the purpose of disqualifying the SC District Court and transfer venue to New Jersey." ECF No. 1-8 at 3. They asked the Court to consolidate this matter with, at a minimum, Plaintiff Crawford's prior habeas corpus proceeding, <u>Crawford v. Warden Williams</u>, No. 18-10129 (D.N.J. administratively terminated July 19, 2018), and Plaintiff Muquit's civil rights action from the District of South Carolina, <u>Muquit v. Hood, et al.</u>, No. 8:17-1804 (D.S.C. dismissed Aug. 28, 2018). ECF No. 1-8 at 12.

The Court concluded that Plaintiffs' claims against former Chief Judge Linares were without merit and that Chief Judge Linares was immune from suit. ECF No. 49 at 5-6. It further noted that it lacked the authority to empanel a multidistrict panel for review of civil cases, and it would not form such a panel even if it had the authority to do so:

> Plaintiffs' voluminous "affidavits of facts" indicate they have filed motions to intervene in several pending high-profile cases, including but not limited to <u>State of Texas, et al., v. United States of America, et al.</u>, No. 19-10011 (5th Cir. Nov. 10, 2019) (challenge to the Patient Protection and Affordable Care Act), ECF No. 42; and <u>Students for Fair Admissions, Inc. v. Harvard University</u>, No. 14-cv-14176 (D. Ma. Sept. 29, 2018) (challenge to Harvard's admission policies), ECF No. 8 at 58.

> Plaintiffs are known vexatious litigants in the District of South Carolina. <u>See</u> <u>Duren v. Hood</u>, No. 2:17-CV-1127-JMC-MGB, 2018 WL 3687977, at *1 n.1 (D.S.C. July 2, 2018), <u>report and recommendation adopted</u>, No. 2:17-CV-01127-JMC, 2018 WL 3660094 (D.S.C. Aug. 2, 2018) (noting that "[v]arious prisoners (including Anthony Cook, Lawrence Crawford, Yahya Muquit, David Duren, Vincent Beaton, Travis Bellamy, and Robert Mitchell) have repeatedly and improperly attempted to litigate on each other's behalf, often filing the same complaints and attachments" and citing cases). It is clear from the record that this complaint follows their modus operandi and has "no coherent issues or plausible claims" and "consists largely of nonsensical ranting and erroneous procedural arguments that build upon faulty premise after faulty premise." <u>Id.</u> at *6.

ECF No. 49 at 7-8.  The Court dismissed the complaint with prejudice and without leave to amend on April 29, 2020.  ECF No. 50.

Plaintiff Crawford now moves for reconsideration of the dismissal.  ECF No. 51.  He argues this Court lacked jurisdiction to enter its order because he filed a petition for writ of mandamus in the Supreme Court of the United States prior to the Court's order:

> This demonstrates that the N.J. District court's jurisdiction was divested on March 10, 2020 via interlocutory appeal before the U.S. Supreme Court approximately (50) days before the N.J. district court in an abuse of discretion, criminal conspiracy, obstruction of justice, retaliation, discriminatory action and fraud upon the court issued the order now filed in case l:18-cv-13459-NLH-KMW.  This is one of the reasons why the conspiring judges involved transferred venue of the case from Newark, N.J. where we originally filed it, despite our repeated objections, to Camden N.J. to judge shop because the judges involved presence was in furtherance of the conspiracy where they were

3

added as defendants in this case before any review
occurred which was our right to amend.

Id. at 11-12.  Plaintiff Crawford subsequently submitted a copy

of a motion "seeking to invoke US Supreme Court exclusive

jurisdiction; motion to vacate" this Court's dismissal that he

filed in Dierlam v. Trump, No. 19-1415 (June 17, 2020).  ECF No.

52.

II.  STANDARD OF REVIEW

     "Motions for reconsideration exist to 'correct manifest

errors of law or fact or to present newly discovered evidence.'"

Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d

218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779

F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for

reconsideration if the moving party shows one of the following:

(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the

court issued its order; or (3) the need to correct a clear error

of law or fact or to prevent manifest injustice.  Johnson v.

Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002)

(quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d

Cir. 1999)).

III.  DISCUSSION

     Plaintiff's assertion that the Court committed fraud by

transferring this action out of the Newark vicinage to the

4

Camden vicinage is meritless.  Plaintiffs named former Chief
Judge Linares as a party.  ECF No. 1 at 5.  As the Court noted
in its prior opinion, this matter was reallocated from the
Newark Vicinage to the Camden Vicinage pursuant to this Court's
January 13, 1994 Standing Order which requires that, in all
cases where a judge of this Court is named as a party, the
matter shall be assigned to a judge sitting in a different
vicinage of this Court than the one in which the named judge
sits.  Chief Judge Linares sat in the Newark vicinage;
therefore, transfer to the Camden vicinage was appropriate under
the standing order.

The argument that this Court lacked jurisdiction to enter
its April 29, 2020 order is likewise meritless.  Contrary to
Plaintiffs' assertion, the case was not "on appeal" at the time
of the Court's order.  Plaintiff Crawford filed an interlocutory
appeal on November 9, 2018.  <u>Crawford v. Linares</u>, No. 18-3457
(3d Cir. Nov. 9. 2018).  The United States Court of Appeals for
the Third Circuit dismissed Plaintiff Crawford's claims for
failure to pay the filing fee on July 3, 2019.[1]  <u>Id.</u>  After
reopening the appeal on October 7, 2019 to consider Plaintiff
Muquit's claims, the Third Circuit again dismissed the appeal on

---

[1] The Third Circuit noted that Plaintiff Crawford was prohibited
from proceeding <u>in forma pauperis</u> because he had accumulated at
least three "strikes" under 28 U.S.C. § 1915(g).

November 18, 2019, this time for lack of appellate jurisdiction.
Id.  There was nothing pending in the Third Circuit at the time
the Court entered its order on April 29, 2020.

Federal courts have the power to issue writs of mandamus
under the All Writs Act, 28 U.S.C. § 1651(a), which provides
that "[t]he Supreme Court and all courts established by Act of
Congress may issue all writs necessary or appropriate in aid of
their respective jurisdictions and agreeable to the usages and
principles of law."  In re Kensington Int'l Ltd., 353 F.3d 211,
219 (3d Cir. 2003) (quoting 28 U.S.C. § 1651(a)).  Plaintiff
Crawford argues that the petition for writ of mandamus
"confer[red] jurisdiction on the Supreme Court and divest[ed]
the N.J. District court of its control over those aspects of the
case involved in the appeal.  The district court [was] without
jurisdiction to consider motions submitted after the appeal
[was] filed."  ECF No. 51 at 17.

A petition for writ of mandamus "constitutes a procedural
mechanism through which a court of appeals reviews a carefully
circumscribed and discrete category of district court orders."
Madden v. Myers, 102 F.3d 74, 76–77 (3d Cir. 1996), superseded
in part on other grounds, 3d Cir. L.A.R. 24.1(c).  It is not the
same thing as a notice of appeal.  "While mandamus is typically
characterized as an appellate power, it is different in kind
from an appeal.  Indeed, a writ of mandamus may not issue if a

6

petitioner can obtain relief by appeal; a petition for mandamus 'must not be used as a mere substitute for appeal.'"  <u>Id.</u> at 77 (quoting 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3932, at 185 (1977)) (internal citation omitted).

"In determining whether a trial court has jurisdiction to take action after the filing of an appeal or a petition for mandamus, the issue is whether it is judicially efficient for the trial court to take a particular action in the face of the particular matter pending before the appellate court." <u>Stebbins v. Stebbins</u>, 673 A.2d 184, 189 (D.C. 1996).  The petition for mandamus relief in the Supreme Court states the issues as follows:

> The petitioner gives the U.S. Supreme Court and parties judicial notice.  A significant portion of this case deals with state and federal probate law, contract law protected under Article 1 § 10 and Article IV § 2 of the U.S. constitution.  It is also founded upon religious prophesy of Christianity, Judaism and Islam for which the claims, after being properly served upon the defendants.  They were defaulted on by the United States, the League of United Nations and the other defendants listed in the case sub-judice emerging from case 2013-cp-400-0084 in the Richland County Court of Common Pleas in S. Carolina, and via the summons attached to the writ of mandamus emerging from cases 19-10011; 19-60662 and 19-60678 in the 5th Circuit which are the Affordable Care Act case and the cases seeking to restore inmates voting rights after they paid their debt to society.

<u>In Re Lawrence Crawford</u>, No. 19-8136 (Mar. 10, 2020) at 9.  The petition sought orders directed to the District of South

7

Carolina, the First Circuit, the Fifth Circuit, the State of South Carolina, the South Carolina Legislature, the South Carolina Attorney General, and the South Carolina Department of Corrections.  Id. at 27-31.  Plaintiff Crawford did not request the Supreme Court to order this Court to take any action related to the complaint.  Therefore, there was no reason for this Court to delay its review under § 1915 until the Supreme Court denied the petition for mandamus on June 1, 2020.[2]

Moreover, the Third Circuit frequently dismisses petitions for mandamus relief as moot because the district court entered an order after the petition was filed.  See, e.g., In re Champion, 816 F. App'x 741 (3d Cir. 2020) (dismissing petition for mandamus as moot because district court dismissed petition under 28 U.S.C. § 2241); In re Jones, 489 F. App'x 534, 536 (3d Cir. 2012) ("Because the District Court case has closed, Jones's petition for mandamus relief is moot.").  This practice indicates a district court does not lose jurisdiction over a case after a petitioner has filed a petition for writ of mandamus.

As the Court had jurisdiction over the complaint at the time it entered the order on April 29, 2020, the Court denies the motion for reconsideration.

---

[2] The Supreme Court denied the petition for certiorari in Dierlam v. Trump, No. 19-1415 on October 5, 2020.

IV.   <u>CONCLUSION</u>

For the reasons stated above, the motion for reconsideration will be denied.  An appropriate order follows.


Dated: <u>October 6, 2020</u>              <u>  s/ Noel L. Hillman      </u>
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.